UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRINCETON EXCESS & SURPLUS LINES INSURANCE COMPANY A/S/O LUCKY EAGLE CASINO & HOTEL and LUCKY EAGLE CASINO & HOTEL,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Washington corporation; and SUNPENGCHENG / BOHANCLUB aka SHEN ZHEN SHI BO HAN DIAN ZI SHANG WU YOU XIAN GOG SI, a foreign corporation,<br><br>Defendants. | CASE NO. 3:23-cv-05438-JHC<br><br>ORDER |

This matter comes before the Court sua sponte.

Plaintiffs initiated this action by filing a complaint in federal court on May 12, 2023. *See* Dkt. # 1.[1]  They assert that the Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332.  Dkt. # 3 at 2.  But aside from this conclusory statement, the complaint does not allege any specific facts about the amount in controversy.  *See generally id.*

---

[1] Plaintiffs filed an amended complaint on May 23, 2023.  Dkt. # 3.

ORDER - 1

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987); *Arbaugh v. Y&H Corp*, 546 U.S. 500, 502 (2006).  The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  Generally, the amount in controversy is determined from the face of the pleadings.  *See Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir.1986).  The sum claimed by the plaintiff controls so long as the claim is made in good faith.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  "To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'"  *Budget Rent–A–Car v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (*quoting St. Paul Mercury Indem. Co.*, 303 U.S. at 289).[2]

---

[2] In diversity cases, when the amount in controversy is in doubt, the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction:

> [I]n cases brought in the federal court ... [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal … A different situation is presented in the case of a suit instituted in a state court and thence removed.  There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

*St. Paul Mercury Indem. Co.*, 303 U.S. at 288–290.  Plaintiff has brought this suit in federal court, so the first standard controls.

ORDER - 2

Although courts generally favor a plaintiff's choice of forum, a pleading must still show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction." *Tosco Corp. v. Communities For a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001); *see also Mason v. Arizona*, 260 F.Supp. 2d 807, 815 (D.Ariz. 2003) ("Unlike a Rule 12(b)(6) motion . . . the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction."). Here, Plaintiffs' conclusory statement that "Jurisdiction is proper pursuant to 28 U.S.C. Sect. 1332" does not "affirmatively and distinctly" show that this Court has jurisdiction under section 1332. *See, e.g.*, *Baxter v. Rodale, Inc.*, No. CV 12-00585 GAF MANX, 2012 WL 1267880, at *2 (C.D. Cal. Apr. 12, 2012), aff'd, 555 F.App'x 728 (9th Cir. 2014) (even in a non-removal case, conclusory allegations about the amount in controversy are insufficient).

For the foregoing reasons, the Court ORDERS Plaintiffs to show cause why the Court should not dismiss without prejudice the present action for lack of subject matter jurisdiction. Plaintiffs must file a response within fourteen (14) days of the date of this order, and the response must include support for the Court's exercise of subject matter jurisdiction over this action. If Plaintiffs fail to file a response or otherwise fails to show that the Court has subject matter jurisdiction, the Court will dismiss their complaint without prejudice.

Dated this 14th day of August, 2023.

John H. Chun
United States District Judge